# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO'S BEST INDUSTRIAL ELECTRIC, INC., et al.,<br><br>Defendants.<br>_____/ | Case No.  1:13-cv-01545-AWI-SKO<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE**<br><br>(Docket No. 13) |

## I.    INTRODUCTION

Plaintiffs Board of Trustees of International Brotherhood of Electrical Workers ("IBEW") Local Union No. 100 Pension Trust Fund ("IBEW No. 100"), Joint Electrical Industry Training Trust Fund, National Electrical Benefit Fund, and IBEW District No. 9 Pension Plan Trust Fund (collectively, "Plaintiffs") filed this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA") on September 24, 2013.  (Doc. 1.)  Plaintiffs allege claims against Fresno's Best Industrial Electric, Inc. ("Fresno's Best"), Aaron A. Lane ("Lane"), William James Marvin Forbes, Debra Michelle Forbes (the "Forbes Defendants"), American Contractors Indemnity Company ("American Contractors"), and

Does 1 through 50 (collectively, "Defendants").[1]

On January 22, 2014, Defendants American Contractors, Fresno's Best, and Lane filed an answer to the complaint. (Doc. 11.) Defendants asserted thirteen affirmative defenses. On February 12, 2014, Plaintiffs filed a motion to strike certain affirmative defenses arguing that they were either insufficiently pled or, alternatively, insufficient as a matter of law. (Doc. 13.) Defendants filed an opposition on February 25, 2014, and Plaintiffs filed a reply brief on March 12, 2014. On March 17, 2014, this matter was deemed suitable for a decision without argument pursuant to U.S. District Court for the Eastern District of California's Local Rule 230(g), and the hearing set for March 19, 2014, was vacated. For the reasons set forth below, Plaintiffs' motion to strike is GRANTED.

## II.   BACKGROUND

Plaintiffs allege that Defendants Fresno's Best and Lane are signatories, either directly or indirectly, to a collective bargaining agreement between the IBEW No. 100 and the East Central California Chapter of the National Electrical Contractors Association, and various trust agreements establishing each of the Plaintiffs as organizations. (Doc. 1, ¶ 15.) Pursuant to these agreements, Defendants Fresno's Best and Lane agreed to submit monthly contribution reports to Plaintiffs for all work performed by their covered employees; remit the appropriate fringe benefit contributions for said work; and permit Plaintiffs to audit their books and records to determine whether Defendants were properly reporting and remitting these contributions. (Doc. 1, ¶ 16.)

Plaintiffs also allege that Fresno's Best and Lane agreed to withhold certain amounts from each employee's paycheck, remit that amount to the appropriate Plaintiffs, and contribute toward the contract administration and hiring expenses incurred by Plaintiffs in administering these agreements. (Doc. 1, ¶ 17.)

Plaintiffs state a breach of contract claim against Fresno's Best and Lane for failure to submit to an audit of all their books and records, despite Plaintiffs' numerous requests to do so; and for failure to remit fringe benefit contributions. Plaintiffs state a breach of fiduciary duties

---

[1] The claim against the Forbes Defendants was voluntarily dismissed by Plaintiffs without prejudice on February 26, 2014. (Doc. 16.)

2

claim against Defendants Lane and the Forbes Defendants. Finally, Plaintiffs assert a "Claim Upon Contractor's License Bond" against American Contractors. (Doc. 1, ¶¶ 46-49.) Plaintiffs contend that Fresno's Best and Lane procured contractor license bonds from American Contractors as a condition for obtaining their contractor's licenses from the State of California. To the extent that Fresno's Best and Lane failed to remit any contributions when due, they willfully and deliberately violated the contractor's license law, including Business & Professions Code section 7120. Plaintiffs seek an entry of judgment against American Contractors for the full applicable portion of the contractor's license bonds issued. (Doc. 1, ¶ 49.)

On January 22, 2014, Defendants filed an answer to the complaint, and on February 12, 2014, Plaintiffs filed a motion to strike certain affirmative defenses asserted in Defendants' answer. (Doc. 13.) It is this motion that is currently pending before the Court.

### III.   DISCUSSION

#### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the court is permitted to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc.*, *Classic Woodworking, LLC,* No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An affirmative defense may be considered insufficiently pled where it fails to provide the plaintiff with fair notice of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. C06-3923 THE, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007).

A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). As motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent. *See Salcer v. Envicon Equities Corp*., 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds,*

478 U.S. 1015 (1986). Because the purpose of pleading an affirmative defense is simply to give fair notice to plaintiff of the defense being asserted, leave to amend should be freely granted in absence of prejudice to the opposing party. *Wyshak*, 607 F.2d at 826- 27.

**B.     Analysis**

   **1.     The Pleading Standard Applicable to Affirmative Defenses**

As noted and discussed at length in *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595 (E.D. Cal. June 18, 2013), district courts within the Ninth Circuit are divided as to whether *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which apply to pleading claims in a complaint, apply to pleading affirmative defenses. *Compare, Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("The court can see no reason why the same principles applied to pleading claims [in *Twombly* and *Iqbal*] should not apply to the pleading of affirmative defenses which are also governed by Rule 8") *with Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF, 2013 WL 1831686 (C.D. Cal. Apr. 30, 2013) (applying *Wyshak* standard noting linguistic differences between Rule 8(a), which governs complaints, and rule 8(c), which governs affirmative defenses and the differences in the amount of time a plaintiff has to draft a complaint and the time an answering defendant has to plead affirmative defenses). *Twombly* and *Iqbal* redefined Rule 8's fair-notice pleading requirement to demand that a pleading set forth "enough facts" to make a claim "plausible on its face" and contain "more than labels and conclusions." *Iqbal*, 556 U.S. at 678-79.

The majority of district courts in this circuit has applied the *Twombly* and *Iqbal* standard to affirmative defenses. *Barnes,* 718 F. Supp. 2d at 1171-72; *see also Polo v. Shwiff*, No. C 12-04461 JSW, 2013 WL 1797671, at * 4 (N.D. Cal. Apr. 29, 2013) (noting the majority of courts within the Northern District of California has applied *Twombly* and *Iqbal* to affirmative defenses).

   **2.     Insufficiently Pled Defenses**

Plaintiffs contend Defendants' Ninth, Eleventh, Twelfth, and Thirteenth affirmative defenses are insufficiently pled by failing to provide "fair notice" of the nature of the defenses. The affirmative defenses challenged in this regard are as follows:

4

NINTH AFFIRMATIVE DEFENSE
PLAINTIFFS' Complaint, and each cause of action thereof, is barred by the applicable statute of limitations, *California Code of Civil Procedure* § 335-349.4, including but not limited to *California Business & Professions Code* § 7071.11, *California Code of Civil Procedure* § 337.1, § 337.15, § 337(1), § 338, § 339 and § 340, *et seq.*

ELEVENTH AFFIRMATIVE DEFENSE
These answering DEFENDANTS and SURETY allege that PLAINTIFFS' alleged injuries, loss, or damages, if any, were aggravated by PLAINTIFFS' failure to use reasonable diligence to mitigate their damages.

TWELFTH AFFIRMATIVE DEFENSE
As a further, separate, and affirmative defense, these answering DEFENDANTS and SURETY allege PLAINTIFFS have acted with unclean hands to the prejudice of the DEFENDANTS and SURETY, and each of them, herein barring any recovery herein from these answering DEFENDANTS and SURETY.

THIRTEENTH AFFIRMATIVE DEFENSE
That at all times herein mentioned, PLAINTIFFS' claims are barred due to their failure to satisfy all of the conditions of this contract.

Plaintiffs claim these defenses are devoid of any facts that would provide fair notice. (Doc. 13-1, 3:3-19.) Plaintiffs assert that, to provide fair notice, an affirmative defense must make a showing, rather than a blanket assertion, of entitlement to relief. (Doc. 13-1, 2:20-22 (quoting *Twombly*, 550 U.S. at 555).) According to Plaintiffs, affirmative defenses must provide the factual basis for each alleged defense. Plaintiffs cite *J & J Sports Productions, Inc. v. Franco*, No. 1:10-cv-1704-LJO-DLB, 2011 WL 794826, at *2 (E.D. Cal. Mar. 1, 2011), for the proposition that affirmative defenses are subject to the pleading standards of Federal Rule of Civil Procedure 8 as articulated in *Iqbal* and *Twombly*. In *Franco*, the court held that "[t]o state an affirmative defense sufficiently, a defendant must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 544. Plaintiffs maintain this standard must be applied to Defendants' affirmative defenses in this case.

Defendants cite *Dodson v. Gold Country Foods, Inc.*, No. 2:13-cv-0336-TLN-DAD, 2013 WL 5970410 (E.D. Cal. Nov. 1, 2013) and contend their affirmative defenses must be considered under the "fair notice" standard articulated in *Wyshak* which requires only that a party provide the nature and grounds for the affirmative defense, not establish that the defending party would

5

ultimately prevail on its defense.  Defendants argue the affirmative defenses pled adequately provide Plaintiffs fair notice of the defenses.

Here, as noted by Plaintiffs, even applying the lower *Wyshak* standard, several of the defenses pled fail to provide "fair notice" to Plaintiffs of their nature, and thus shall be stricken. *See Botell v. U.S.*, No. 11-cv-01545-GEB-GGH, 2012 WL 1027270 (E.D. Cal. Mar. 26, 2012) ("[T]he parties' dispute concerning the applicable standard need not be resolved since even if the lesser pleading standard applies, the motion will be granted in part and denied in part for the reasons stated below"). Simply identifying an affirmative defense by name does not provide fair notice of the *nature* of the defense or how it applies in this action no matter which standard applies. *Kohler v. Staples*, 291 F.R.D. 464, 469 (S.D. Cal. 2013) (apply *Wyshak* and finding that "[affirmative defenses] need not be supported by detailed factual allegations, [but] it must at least give notice of the grounds upon which it rests" (internal quotation marks and citation omitted))). As pled, the affirmative defenses above state only legal conclusions, and thus they shall be STRICKEN.

To the extent Defendants have a factual basis to support these defenses, they may be amended to set forth the basis for each defense.  The Court recognizes that, given the early stage of the proceedings, Defendants have not had the benefit of any discovery and may not yet be positioned to know all applicable affirmative defenses.  Even after the initial pleading stage of the litigation has concluded, however, Defendants remain able to amend their answer and the affirmative defenses pled therein to the extent facts are discovered that would support a particular defense, so long as Defendants are diligent in discovering those facts and seeking amendment. Fed. R. Civ. P. 15(a), 16(b).

**2.    Insufficiently Pled Defenses and Insufficient as a Matter of Law**

Plaintiffs likewise claim that Defendants' first, second, third, fourth, fifth, and eighth affirmative defenses fail to set forth facts giving Plaintiffs fair notice of the nature of each defense.

Alternatively, Plaintiffs contend these defenses do not appear to constitute affirmative defenses as a matter of law because they are only denials that Plaintiffs can prove their claims. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny

plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). In contrast, denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses. *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168-LHK, at *5 (E.D. Cal. Sept. 23, 2010).

### a. First Affirmative Defense

Defendants' first affirmative defense asserts the allegations of the complaint "do not state facts sufficient to constitute a cause of action against the Defendants and Surety." (Doc. 11, 7:16-18.) Failure to state a claim is an assertion of a defect in Plaintiffs' prima facie case, not an affirmative defense. *Barnes v. AT&T Pension Benefit Plan*, No. C 08-0458 MHP, 2010 WL 2507769, at *6 (N.D. Cal. June 22, 2010) (citing *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.")).

On the other hand, Rule 12(h)(2) provides that the defense of failure to state a claim may be made in any pleading permitted or ordered under Rule 7(a), which includes the answer. District courts are split over whether an assertion of a failure to state a claim should be stricken as an affirmative defense. *Compare J&J Sports Prods., Inc. v. Vizcarra*, No. 11-1151 SC, 2011 WL 4501318, at *3 (N.D. Cal. Sept. 27, 2011) and *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (striking defense, noting that failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not as an affirmative defense) *with Valley Community Bank v. Progressive Cas. Ins. Co.*, No. 5:11-cv-00574, 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011) (denying motion to strike failure-to-state-claim defense as one that may be raised in any pleading under Rule 12(h)(2) and *Robinson v. Adams*, No. 1:08-cv-01380-AWI-GSA, 2009 WL 4042894, at *1 (E.D. Cal. Nov. 20, 2009).

Nonetheless, assuming the failure-to-state-a-claim defense is legally sufficient, as pled here the defense itself is a bare conclusion of law and provides no indication or notice to Plaintiffs how the complaint fails to state a claim. As such, the defense is stricken as insufficiently pled.

*Wyshack*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense."). Defendant may amend the pleading to provide sufficient allegations as to *how* the complaint fails to state a claim. *Kohler*, 291 F.R.D. at 468 ("Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense.").

### b.     The Remaining Challenged Affirmative Defenses

Like the first affirmative defense, Plaintiffs contend the second, third, fourth, fifth, and eighth affirmative defenses fail to give fair notice of the nature of the defense and, alternatively, do not appear to constitute affirmative defenses but rather constitute mere denial of Plaintiffs' ability to prove their claims in particular respects. These affirmative defenses are pled as follows:

> SECOND AFFIRMATIVE DEFENSE
> A contractor's bond is not a cash, performance or labor and material bond, nor is the bond in any way an insurance policy. Any recovery against a contractor's bond is conditioned on a proven violation of the applicable provisions of the *California Business & Professions Code* sections. Furthermore, such recovery is limited to the penal sum of such a bond.
>
> THIRD AFFIRMATIVE DEFENSE
> A contractor's bond covers only those acts of the bond principal/licensee that are within the scope of the licensed business.
>
> FOURTH AFFIRMATIVE DEFENSE
> A contractor's bond covers only those acts which occur during the period of time that the contractor's bond was effective.
>
> FIFTH AFFIRMATIVE DEFENSE
> A contractor's bond, pursuant to its terms, is only effective and covers only those acts that occur while the contractor's license for which it was issued is active.
>
> EIGHTH AFFIRMATIVE DEFENSE
> Any act of the PLAINTIFF(s) constituting an alteration of its original relationship with SURETY's principal without notice to SURETY, would serve to exonerate SURETY under California Civil Code § 2819.

The Court agrees with Plaintiffs that these defenses are pled in a conclusory fashion and fail to give fair notice of the nature of the defense asserted even if the lower standard in *Wyshak* were applied. Instead, these defenses appear to comprise only conclusions of law. Further, because of the paucity of factual allegations, these defenses do not appear to be more than

allegations that Plaintiffs cannot meet their burden of proof with respect to particular issues.  As such, these defenses are STRICKEN with leave to amend.

### IV.   CONCLUSION AND ORDER

The challenged affirmative defenses are devoid of sufficient factual support to give fair notice to Plaintiffs of the nature of each defense.  Moreover, because of the lack of factual allegations, many defenses appear not to constitute affirmative defenses, but rather deny Plaintiffs' ability to prove particular elements of their claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to strike is GRANTED;
2. The following affirmative defenses are STRICKEN:  First through Fifth; Eighth, Ninth, and Eleventh through Thirteenth; and
3. Defendants are granted 14 days LEAVE to AMEND these affirmative defenses.

IT IS SO ORDERED.

Dated:   **March 24, 2014**                              **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE